# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br>CDC #V-27774,<br><br>                                Plaintiff,<br><br>vs.<br><br>L. SCRIBNER, Warden;<br>M.E. BOURLAND, Warden;<br>M. LEVIN, CMO; M. CORREA,<br>E. ORDUNO, RN; D. SAWTELL, RN;<br>J. KELLERMAN, CCII;<br>R. MADDEN, Lt. Cmdr.;<br>T. OCHOA, Asst. Warden;<br>JHON DOVERY, Director, CDCR;<br>V. KILPA, MTA; M. ZENDEJAS, C/O;<br>V. BACH, Sgt.; and G.T. JANDA, Warden;<br><br>                                Defendants. | Civil No.   06-1979 LAB (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR FIVE ADDITIONAL U.S. MARSHAL 285 SERVICE FORMS [Doc. No. 15];**<br><br>**(2)  DIRECTING ATTORNEY GENERAL TO PROVIDE FORWARDING ADDRESS OF DEFENDANT BOURLAND IN CONFIDENTIAL MEMO TO U.S. MARSHAL IN ORDER TO EFFECT SERVICE;**<br><br>**AND**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS DOVERY, SAWTELL, ZENDEJAS, BOURLAND AND KILPA PURSUANT TO FED.R.CIV.P. 4(m) [Doc. No. 16]** |

On September 18, 2006, Plaintiff, William Jones, a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, and proceeding pro se, submitted a civil rights

1  Complaint pursuant to 42 U.S.C. § 1983.  On November 15, 2006, the Court granted Plaintiff's
2  Motion to Proceed *in forma pauperis* ("IFP"), but sua sponte dismissed his Complaint for failing
3  to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)
4  and 1915A(b).  *See* Nov. 15, 2006 Order [Doc. No. 5].  Nonetheless, the Court granted Plaintiff
5  forty five (45) days to file an Amended Complaint correcting the deficiencies of pleading
6  identified by the Court.  *Id.*  Plaintiff was specifically cautioned that an Amended Complaint
7  would supersede the original pursuant to FED.R.CIV.P. 15, and therefore, any claim not re-
8  alleged against any defendant not re-named would be considered waived. *Id.* at 9.  On December
9  26, 2006, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 7], naming only
10 fourteen of the original thirty-two named defendants, and later, a Request for Summons and U.S.
11 Marshal Service. [Doc. No. 8].

12      On February 27, 2007, the Court found Plaintiff's FAC survived the initial screening
13 provisions of 28 U.S.C. § 1915(e)(2) and § 1915A, directed the Clerk to issue a summons upon
14 Defendants Dovery, Janda, Scribner, Bourland, Levin, Correa, Orduno, Sawtell, Kellerman,
15 Madden, Ochoa, Kilpa, Zenedas and Bach, and further ordered the U.S. Marshal to effect service
16 of Plaintiff's FAC upon these parties pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d)
17 [Doc. No. 10].  The Court simultaneously directed the Clerk to terminate the action as to all
18 other previously named defendants.  (*Id*. at 3.)

19      On February 28, 2007, the Clerk issued the summons on Plaintiff's FAC, and prepared
20 an "IFP package," including certified copies of Plaintiff's FAC, a U.S. Marshal Form 285
21 ("USM Form 285") for each Defendant named in the FAC, and a copy of the Court's Order
22 granting him leave to proceed IFP.  *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990)
23 ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S.
24 Marshal for service of summons and complaint"); 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(a),
25 (c)(2).

26      On March 28, 2007, the U.S. Marshal returned Plaintiff's USM Form 285 unexecuted as
27 to defendant "Jhon Dovery," whom Plaintiff had identified as the "Director of the CDCR"
28 (California Department of Corrections and Rehabilitation), with a notation indicating that "[t]he

USMS doesn't serve P.O. Box addresses." (*See* Doc. No. 13.) On April 10, 2007, a second USM Form 285 was returned unexecuted as to M.E. Bourland, whom Plaintiff had identified as a Warden at Calipatria State Prison ("CAL"). This time, the USM Form 285 noted the Marshal was unable to effect service upon Bourland at CAL because "[p]er [the] Litigation Coordinator, [defendant] retired. No last known address." (*See* Doc. No. 14.)

On April 23, 2007, Plaintiff filed a Request for "14 more USM Form 285s" [Doc. No. 15], as well as a Request and Declaration seeking an extension of time to effect service as to all defendants pursuant to FED.R.CIV.P. 4(m) [Doc. No. 16]. Plaintiff seeks an extension because "the institution where he is being housed has been on a series of lockdowns" and he has been delayed in ascertaining the "correct address[es] to serve defendants." (Pl.'s Decl. ¶¶ 5-8.) The Court notes that since Plaintiff filed these requests, two additional USM Form 285s have been returned unexecuted: one as to defendant D. Sawtell with a notation dated April 28, 2007, "per "Litigation Coordinator, service not accepted due to the initial on nurse[']s name is incorrect," [Doc. No. 17]; and one as to defendant M. Zendejas, also "not accepted due to incorrect initial of officer." [Doc. No. 18]. Nine additional Defendants (Ochoa, Scribner, Kellerman, Levin, Bach, Janda, Correa, Orduno and Madden), however, have since filed waivers of personal service pursuant to FED.R.CIV.P. 4(d) via the Office of the Attorney General. [Doc. Nos. 19-27]. The only defendant for whom no proof of service has been returned, either executed or unexecuted, is V. Kilpa, a Medical Technical Assistant ("MTA"). Thus, it appears from the docket in this matter that the following five defendants have yet to be properly served: Dovery, Bourland, Sawtell, Zendejas and Kilpa.

**I.    FED.R.CIV.P. 4 Service Rules**

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(2); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.").

The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED.R.CIV.P. 4(m), extend time for service retroactively after the 120-day service period has expired).

Here, because it appears Plaintiff has not yet provided sufficient information to allow the Marshal to locate and serve Defendants Dovery, Sawtell, Zendejas and Kilpa, Plaintiff must remedy the situation or face dismissal of his claims against them. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient

information to effectuate service). As to Defendants Sawtell, a Registered Nurse at CAL, and Zendejas, a CAL Correctional Officer, for whom "service [was] not accepted" based on Plaintiff's misidentification of their first initials, [Docs. No. 17, 18], the Court will provide Plaintiff with additional USM Form 285s and time to correct this deficiency, if he is able. If Plaintiff is unable to provide the U.S. Marshal with any further information "necessary to identify" these parties, *Walker*, 14 F.3d at 1422, and service is again attempted, but returned unexecuted for the same reason, the Court shall permit Plaintiff to conduct discovery as to their identities at later stage of the case.

As for Defendant Dovery, the Court is curious as to why the USMS "doesn't serve P.O. box addresses." [Doc. No. 13]. The Court takes judicial notice that the executed USM Form 285s in this case [Doc. Nos. 19-27], all indicate that it is the USMS's regular practice to first send the summons and USM Form 285s to Defendants "by regular mail," anticipating that the Office of the Attorney General, which represents a vast majority of all state correctional officer-defendants in § 1983 cases filed by prisoners, will thereafter file a waiver of personal service pursuant to FED.R.CIV.P. 4(d) & (e).[1] Under these circumstances, the Court finds good cause to provide Plaintiff an opportunity to complete a new USM Form 285 for Defendant Dovery, identified as a "Director of the CDCR," at the CDCR's street address. *See* FED.R.CIV.P. 4(m); *Mann*, 324 F.3d at 1090.

///

---

[1] In the absence of a waiver of service, the Summons and Complaint may be served by (1) delivering a copy of the Summons and Complaint to the individual personally; (2) leaving copies of the documents at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (3) by delivering a copy of the documents to an agent authorized by appointment or by law to receive service of process. *See* FED.R.CIV.P. 4(e)(2). Service may also be effected under the law of California or the law of the state in which service is effected. FED.R.CIV.P. 4(e)(1). Under California law, service may be effected by the following means: (1) personal service (CAL. CIV. PROC. CODE § 416.90); (2) if a copy of the summons and complaint cannot by reasonable diligence be personally delivered, a summons and complaint may be left at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address (other than a post office box) in the presence of a competent member of the household or a person apparently in charge of the place of business or usual mailing address, who is at least 18 years of age and who shall be informed of the contents thereof; a copy of the Summons and Complaint must be subsequently mailed by first-class mail to the person to be served at the place where a copy of the summons and complaint were left (service being deemed complete on the 10th day after mailing) (CAL. CIV. PROC. CODE § 415.20(b)); or (3) by mail, only if the person to be served executes an acknowledgment of receipt of summons as provided in CAL. CIV. PROC. CODE § 415.30.

1    Finally, the Court finds Plaintiff has provided information "necessary to sufficiently
2    identify" M.E. Bourland, a Warden at CAL at the time Plaintiff's cause of action accrued.
3    *Walker*, 14 F.3d at 1422; [Doc. No. 14]. The only reason the U.S. Marshal was unable to effect
4    service upon Bourland at CAL however, is due to Bourland's retirement, and the presumably
5    confidential nature of his forwarding address. Thus, *as long as the privacy of Defendant*
6    *Bourland's forwarding address can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal
7    to effect service upon Bourland on his behalf. *See Puett*, 912 F.2d at 275. The Court shall direct
8    the Deputy Attorney General assigned to this case to provide any forwarding address in his or
9    her possession, or which is easily obtainable from the CDCR's personnel records for Defendant
10   Warden M.E. Bourland, and to provide that address to the U.S. Marshal in a *confidential*
11   *memorandum* indicating that the summons and Plaintiff's FAC is to be served upon him at that
12   address.

## II.    Conclusion and Order

14   Accordingly, the Court hereby:

15   1)    **GRANTS** Plaintiff's Motion/Request for additional blank U.S. Marshal Forms
16   [Doc. No. 15]. The Clerk is **ORDERED** to provide Plaintiff with an additional "IFP Package"
17   consisting of: (1) this Order; (2) certified copies of his First Amended Complaint [Doc. No. 7];
18   (3) a duplicate summons [Doc. No. 11]; and (4) five (5) blank U.S. Marshal Form 285s for
19   purposes of re-attempting service as to Defendants Bourland, Kilpa, Sawtell, Zendejas and
20   Dovery; and

21   2)    **GRANTS** Plaintiff's Motion/Request for an Extension of Time to Effect Service
22   upon Defendants Bourland, Kilpa, Sawtell, Zendejas and Dovery pursuant to FED.R.CIV.P. 4(m)
23   [Doc. No. 16]. Plaintiff shall complete, as accurately and clearly as possible, the new USM
24   Marshal Form 285s provided to him, and shall return them to the U.S. Marshal *no later than*
25   *June 15, 2007*.

26   3)    **IT IS FURTHER ORDERED** that pursuant to FED.R.CIV.P. 4(c)(2), (m) and 28
27   U.S.C. § 1915(d), the U.S. Marshal shall, *within 30 days of receiving Plaintiff's updated U.S.*
28   *Marshal Form 285s* and receipt of Defendant Bourland's confidential forwarding address, effect

1  service of Plaintiff's Amended Complaint and summons upon Defendants Bourland,[2] Kilpa,
2  Sawtell, Zendejas and Dovery as directed by Plaintiff on the new U.S. Marshal Form 285s
3  provided to him herein.  All costs of service shall be advanced by the United States pursuant to
4  the Court's November 15, 2006 Order granting Plaintiff leave to proceed IFP and directing
5  service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(2) [Doc. No. 5].
6      **IT IS SO ORDERED.**
7
8  DATED:  May 25, 2007

*[signature]*

10          **HONORABLE LARRY ALAN BURNS**
        United States District Judge

---

28    [2] Defendant Bourland's address ***shall not*** appear on any U.S. Marshal Form 285, ***shall not*** be provided to Plaintiff, and ***shall not*** be made part of the Court's record.