

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM J. JONES,
CDCR #V-27774,

               Plaintiff,

vs.

JOHN DOVERY, Director, CDCR;
L. SCRIBNER, Warden;
M.E. BOURLAND, Warden;
M. LEVIN, CMO; M. CORREA,
E. ORDUNO, RN; D. SAWTELL, RN;
J. KELLERMAN, CCII;
R. MADDEN, Lt. Cmdr.;
T. OCHOA, Asst. Warden;
V. KILPA, MTA; M. ZENDEJAS, C/O;
V. BACH, Sgt.; and G.T. JANDA, Warden;

               Defendants.

Civil No.   06-1979 LAB (AJB)

**ORDER:**

**(1) RE-DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND AMENDED COMPLAINT UPON DEFENDANT M.E. BOURLAND AT CONFIDENTIAL ADDRESS PREVIOUSLY PROVIDED**

**AND**

**(2) ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS TO DEFENDANTS J. DOVERY, D. SAWTELL, M. ZENDEJAS AND V. KILPA FOR FAILURE TO PROSECUTE PURSUANT TO FED.R.CIV.P. 4(m)**

William J. Jones ("Plaintiff"), a state prisoner proceeding pro se pursuant to the Civil

Rights Act, 42 U.S.C. § 1983, has already been granted leave to proceed *in forma pauperis*

1   pursuant to 28 U.S.C. § 1915(a) [Doc No. 5].  While the Court found Plaintiff's original

2   Complaint required sua sponte dismissal without service pursuant to 28 U.S.C. § 1915(e)(2) and

3   1915A, it determined that Plaintiff's Amended Complaint sufficient to survive screening, and

4   thus, issued a summons and directed the United States Marshal to effect service of Plaintiff's

5   Amended Complaint upon all Defendants on February 27, 2007 pursuant to FED.R.CIV.P. 4(c)(2)

6   and 28 U.S.C. § 1915(d) [Doc. No. 10].

7        Now, almost a year later, Plaintiff has managed to effect service as to the majority of

8   Defendants, and they have moved to dismiss his Amended Complaint pursuant to FED.R.CIV.P.

9   12(b)(6) [Doc. No. 28].  That Motion has been referred to and remains pending before

10  Honorable Magistrate Judge Anthony J. Battaglia pursuant to 28 U.S.C. §636 (b)(1)(B) and S.D.

11  CAL. CIVLR 72.3.  In the meantime, however,  Plaintiff has been unable to successfully effect

12  service via the U.S. Marshal upon Defendants M.E. Bourland, J. Dovery, D. Sawtell, V. Kilpa

13  and M. Zendejas, despite two attempts to do so.  See Doc. Nos. 13-14, 17-18, 33-37.

14       On May 25, 2007, the Court granted Plaintiff's Motion for an Extension of Time to Effect

15  Service pursuant to FED.R.CIV.P. 4(m) [Doc. No. 29].  In that Order, the Court noted and

16  discussed why Plaintiff's initial attempts at serving each of these individual defendants were

17  unsuccessful, directed the Clerk to provide him with 5 additional blank U.S. Marshal Form 285s

18  and found good cause to extend Rule 4's 120-day clock in order for him correct his service

19  errors.  As to Defendant M.E. Bourland, the Warden at Calipatria State Prison at the time

20  Plaintiff's cause of action accrued, but whom had since retired, the Court went further and

21  directed the Deputy Attorney General to provide the U.S. Marshal with his forwarding address

22  in a confidential memorandum.  See May 25, 2007 Order [Doc No. 29] at 6-7.

23       Service as Bourland remains unexecuted.  In addition, service remains unexecuted as to

24  Dovery, Sawtell, Kilpa and Zendejas  because Plaintiff attempted to serve them *not* by providing

25  the Marshal with each defendant's name and address where they could be located, but rather, by

26  simply addressing his new Form 285s to "Tiffany Hixon @ Attorney General's Office." [Doc.

27  Nos. 33-37].

28  / / /

1   Ms. Hixon, the Deputy Attorney General currently representing the properly served

2   defendants in this case, returned each Form 285 to the U.S. Marshal on June 21, 2006–with a

3   memoranda stating:

4

5   Plaintiff, William Jones, in pro per prison inmate has attempted to serve Defendants Sawtell, Kilpa, Dovery, Bourland,

6   and Zendejas in care of me at my office. I cannot accept service on behalf of these individuals.   None of these individuals have

7   requested representation form our office.   As such, I do not represent them and cannot accept service on their behalf.

8

9   *Id.*  In addition, however, Deputy Attorney General Hixon has indicated in a footnote included

10  in her Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss [Doc. No. 38 at 1 n.1],

11  that she has "provided the U.S. Marshalls [sic] with a confidential memorandum containing the

12  address of Defendant Bourland."  *Id.*

13  Thus, to date, no proof of service has been filed as to any of these defendants. *See Walker*

14  *v. Sumner,* 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the

15  Marshal with sufficient information to effect service, the court's sua sponte dismissal of those

16  unserved defendants is appropriate under FED.R.CIV.P. 4(m)).  While it is not clear why the U.S.

17  Marshal has yet to effect service upon Defendant M.E. Bourland at the confidential address the

18  Attorney General's Office has been ordered to, and apparently already has provided, it is also

19  unclear why Plaintiff has failed to correct his error in attempting to effect service upon the

20  remaining Defendants via the Attorney General.

21  Specifically, Plaintiff was put on notice that his attempt to serve Defendants Sawtell,

22  Kilpa, Dovery and Zendejas via the Deputy Attorney General was insufficient when Deputy

23  Attorney General Hixon returned his USM Form 285s to the U.S. Marshal with her memoranda

24  dated June 21, 2007, and the U.S. Marshal returned those attempts at service unexecuted on June

25  22, 2007 [Doc. Nos. 33-36].  Inexplicably, Plaintiff has failed to correct this new defect. *See*

26  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain

27  silent and do nothing to effectuate" U.S. Marshal service, but rather "[a]t a minimum ... attempt

28  to remedy any apparent defects [about] which [he] has knowledge.").

**Conclusion and Order**

Accordingly, the Court hereby:

(1)     REDIRECTS the United States Marshal to effect service of the summons and Plaintiff's First Amended Complaint upon defendant M.E. Bourland at the address included in the confidential memorandum previously provided by the Attorney General pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(2), and to file proof of service upon Defendant Bourland[1] *no later than February 22, 2008*; and

(2)     ORDERS Plaintiff to show cause *no later than February 22, 2008*, why this case should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m) as to Defendants D. Sawtell, V. Kilpa, J. Dovery and M. Zendejas.

**IT IS SO ORDERED.**

**DATED:**  January 28, 2008

HONORABLE LARRY ALAN BURNS
**United States District Judge**

---

[1]  While *proof of service* upon Defendant Bourland *must* be filed, the Court's May 25, 2007 admonition remains in effect: "Defendant Bourland's address ***shall not*** appear on any U.S. Marshal Form 285, ***shall not*** be provided to Plaintiff, and shall not be made part of the Court's record." *See* May 25, 2007 Order [Doc. No. 29] at 7 n.2.  In *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995), the Seventh Circuit specifically noted that "prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and [encounter] needless attendant delays in litigating a case [as a] result." *Id.* at 713.  However, while a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner ... due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency." *Id.*