1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM J. JONES,                    CASE NO. 06cv1979-LAB (AJB)
     CDC #V-27774,

12                              **ORDER DISMISSING ACTION AS**
                     Plaintiff,      **TO DEFENDANTS DOVERY,**

13      vs.                                 **SAWTELL, KILPA, AND**
                                **ZENDEJAS**

14

15   JOHN DOVERY, G.T. JANDA, L.E.
     SCRIBNER, M.D. BOURLAND,

16   M. LEVIN, M. CORREA, L.C. ORDUNO,
     D. SAWTELL, J. KELLERMAN,

17   MADDEN, T. OCHOA, KILPA,
     ZENDEJAS, and V. BACH,

18                   Defendants

19

20       On January 30, 2008, the Court ordered Plaintiff to show cause why this action should

21 not be dismissed as to Defendants Dovery, Sawtell, Kilpa, and Zendejas because of

22 Plaintiff's failure to serve them with process within 120 days as required by Fed. R. Civ. P.

23 4(m).

24       Plaintiff has twice attempted service on these four Defendants. On the first attempt,

25 service was returned unexecuted for relatively trivial reasons, which concerns the Court. For

26 example, Plaintiff directed the Marshals to serve "D. Sawtell, registered nurse," and "M.

27 Zendejas, correctional officer" but a notation on the return of service indicates the litigation

28 coordinator notified the Marshals that service was not accepted because the Defendants'

1   initials were incorrect.  Although a summons was issued as to Defendant Kilpa, no return of

2   service was filed.  These possible defects, however, were cured by permitting Plaintiff a

3   second opportunity to serve these four Defendants.

4           On the second attempt, Plaintiff merely requested the papers be served on the District

5   Attorney.  The summonses directed to these Defendants were returned unexecuted on June

6   22, 2007 with a note from the Deputy District Attorney assigned to the case, explaining she

7   had not been asked to represent any of these four Defendants and could not accept service

8   on their behalf.  In its order of January 30, 2008, the Court also noted that since that time,

9   Plaintiff has made no efforts to serve these Defendants.

10          In response to the Order to Show Cause, Plaintiff argues these Defendants should

11  not be dismissed because doing so would give them a sense of being "above the law."

12  Plaintiff also argues he was confused about how to serve these Defendants and was not

13  able to obtain these four Defendants' addresses, which he believes shows good cause for

14  failure to serve.  Plaintiff now seeks to compel the California Department of Corrections and

15  Rehabilitation to disclose these four Defendants' addresses so he can serve them.

16          Plaintiff's ignorance of or confusion about service requirements does not constitute

17  "good cause" for failure to serve.  *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th

18  Cir. 1987).  This is true even though he is not represented by counsel, because "[p]ro se

19  litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*,

20  814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff now seeks discovery to learn where these four

21  Defendants can be served, but there is no reason he could not have sought discovery in

22  June, 2007, when he first learned service had not been effected.  Because Plaintiff knew

23  service had not been effected on these four Defendants, it was his responsibility to take

24  steps to remedy this.

25          While . . . incarcerated plaintiffs proceeding in forma pauperis may rely on
        service by the U.S. Marshals, a plaintiff may not remain silent and do nothing
26      to effectuate such service. At a minimum, a plaintiff should . . . attempt to
        remedy any apparent service defects of which a plaintiff has knowledge.

27

28  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

1       The Court finds Plaintiff has not shown good cause for failure to serve these four

2 Defendants.  Claims against Defendants Dovery, Sawtell, Kilpa, and Zandejas are therefore

3 **DISMISSED WITHOUT PREJUDICE** because of Plaintiff's failure to timely serve them with

4 process.

5

6       **IT IS SO ORDERED**.

7 DATED:  February 22, 2008

8

9         **HONORABLE LARRY ALAN BURNS**
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28