# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br>CDC #V-27774,<br><br>          Plaintiff,<br>    vs.<br><br>JOHN DOVERY, G.T. JANDA, L.E. SCRIBNER, M.D. BOURLAND, M. LEVIN, M. CORREA, L.C. ORDUNO, D. SAWTELL, J. KELLERMAN, MADDEN, T. OCHOA, KILPA, ZENDEJAS, and V. BACH,<br><br>          Defendants | CASE NO. 06cv1979-LAB (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Docket nos. 28, 40, 41.] |

Plaintiff, a prisoner proceeding *pro se*, seeks relief under 42 U.S.C. § 1983 for alleged deprivations of his Constitutional right to be free from deliberate indifference to serious medical needs, his right of access to the courts, and his Fourteenth Amendment right to due process of law. Those Defendants who had been served[1] moved under Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint, and requested judicial notice of certain documents in connection with state court proceedings. Pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d), this matter was referred to Magistrate Judge Anthony J. Battaglia.

---

[1] Defendants Dovery, Sawtell, Kilpa, and Zendejas were dismissed on February 22, 2008 after Plaintiff failed to serve them.

1    In response to Defendants' motion to dismiss, Plaintiff filed a motion to quash, which Judge Battaglia construed as Plaintiff's opposition to the motion to dismiss. The Court construes the motion to quash in the same manner. In connection with his motion to quash, Plaintiff requested the Court take judicial notice of various records.

On February 14, 2006, Judge Battaglia issued his report and recommendation (the "R&R"), recommending Defendants' motion to dismiss be granted as to Defendants Levin, Bach, Ochoa, Madden, Janda, Scribner, and Kellerman, and Granted as to all Plaintiff's due process and denial of access to courts claims, but denied as to medical claims against Defendants Orduno and Correa. The R&R also recommended Defendants' request for judicial notice be granted as to Exhibit 3 only, and Plaintiff's request be granted as to exhibits 2, 3, 4, 7, 8, 9, 10, and 11 only.

**I.  Legal Standards**

The R&R notified the parties of their right to object, and informed them that failure to object within the time permitted might waive their appellate rights. (R&R at 22:1–4.) A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1). A party objecting to the recommended disposition of the matter may "serve and file specific objections to the proposed findings and recommendations," and "a party may respond to another party's objections." Rule 72(b). "[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.")

**II.  Objections to the R&R**

The Court has reviewed the R&R and finds its recommendations to be correct, except with respect to the standard for motions to dismiss. The R&R cited the "no set of facts"

standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The Court modifies this to rely on the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). This modification does not alter the R&R's analysis, however.

Defendants filed no objections. Plaintiff made only two objections. He objected to the recommendations regarding his access to courts claim (P.'s Obj. to R&R at 3:1–4:14) and also made an unclear objection to either the grant of Defendant's request for judicial notice of Exhibit 3, or the denial of one of his requests for judicial notice, or both. (*Id.* at 4:24–5:14.)

### A. Access to Courts Claim

The R&R cited *Bounds v. Smith*, 430 U.S. 817, 828 (1977) for the principle that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The R&R correctly noted the limitations on this holding set forth in *Lewis v. Casey*, 518 U.S. 343 (1996), which explained the role of courts is to provide relief to claimants who have suffered, or will imminently suffer, actual harm. *Lewis* at 349. As the R&R correctly noted, *Lewis* held actual injury will exist only if "a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353; *see also id.* at 353 n.3. As the Supreme Court has explained, *Bounds* did not create an abstract, freestanding right to a law library or legal assistance whose violation would be actionable. *Id.* at 351. Rather, a plaintiff bringing a claim under § 1983 for violation of this right must show actual injury. *Id.* at 351–52.

The R&R correctly pointed out that, in order to successfully state a claim for denial of access to courts, Plaintiff needed to allege a specific instance in which he was denied the tools he needed to litigate in a non-frivolous criminal trial, criminal appeal, habeas proceeding, or § 1983 case challenging the conditions of his confinement. (R&R at 14:6–9 (citing *Lewis* at 355; *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir. 1989)*.*)

/ / /

/ / /

Plaintiff points to one of his allegations stating:

> As a proximate result of the Defendants['] conduct[,] Plaintiff has suffered and continues to suffer general damages in the form of emotional and psychological stress. Plaintiff is informed and believes and thereon alleges that Plaintiff will suffer such damages in the future "Anti-Terrorist Act."

(P.'s Obj. to R&R at 3:4–10 (citing Am. Compl., ¶ 60).) Plaintiff's objections explain that what he meant was that the denial of his right of access to an adequate law library was preventing him or had prevented him from filing a state habeas action early enough to remain within the one-year limitations period. (*Id.* at 3:11–14.) He does not allege what claim he would have brought, though. He also alleges generally that he was unable to file unspecified papers in connection with his state habeas petition (*id.* at 3:16–22), and was prevented from objecting to a report and recommendation in a separate civil action he filed in the Central District of California, *Jones v. Ventura County Sheriff's Dep't.*, 03cv6151-DDP (AJW).

The Court has reviewed the amended complaint and agrees with the R&R that Plaintiff never alleged any injury in fact. Rather, the amended complaint merely alleges Plaintiff informed certain Defendants he was being denied access to courts, mentions legal actions he was bringing, and makes generalized references to inability to prepare or file legal papers on time. Plaintiff is required to describe the non-frivolous nature of his cause of action, whether anticipated or lost, as well as the official actions that are frustrating or have frustrated his legal efforts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). His allegations must establish actual injury he either has already suffered or will imminently suffer. *Lewis*, 518 U.S. at 349. The Court agrees the amended complaint fails to make any such allegations. Plaintiff must make these allegations himself; the Court cannot do so for him. *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). This objection is therefore **OVERRULED**.

### B.     Judicial Notice

Plaintiff makes an unclear objection regarding the R&R's recommended rulings on the requests for judicial notice. (P.'s Obj. to R&R at 4:24–5:12.) Plaintiff mentions the documents Defendants ask the Court to take notice of, then states "What [Defendants']

1  counsel failed to present [was] that on 10-25-2006 Jones (William J.) on H.C. is also there.
2  Then on 4-25-2007 this was also denied." (*Id.* at 4:24–5:3.) The Court construes this as
3  arguing that Defendants have failed to seek judicial notice of an additional petition for
4  habeas corpus that was denied on April 25, 2007.

5        Plaintiff goes on to argue it would be unfair to grant Defendants' request without also
6  taking judicial notice of the additional matter he mentions. (P.'s Obj. to R&R at 5:5–7.) It is
7  unclear what Plaintiff means by this. Plaintiff requested judicial notice of several documents
8  relating to his access to courts and due process claims, all of which the R&R recommended
9  granting. The R&R only recommended denying Plaintiff's request for judicial notice of two
10 documents relating to his medical condition, and a letter from an attorney suggesting if he
11 missed court deadlines because his legal property had not been returned to him, he should
12 file a "602" inmate appeal. The R&R only recommended taking notice of one of the
13 documents Defendants proffered, the docket in *People v. Jones*, Case no. B174392 (Cal.
14 App. 2 Dist.), Plaintiff's direct appeal from his conviction, which was opened on April 12,
15 2004 and closed on April 5, 2005, well before the dates he mentions. The Court believes
16 this objection may be based on a mistaken reading of the R&R.

17       Because it does not appear this objection has anything to do with the R&R's actual
18 recommended rulings on the requests for judicial notice, this objection is **OVERRULED AS**
19 **MOOT**.

20       Plaintiff makes two more brief objections in the same paragraph. First, he argues the
21 Court ought to take into consideration the role of Defendants Ochoa, Janda, Scribner, and
22 Kellerman, before whom he says he brought his claims, as "policy heads" under *Trevino v.*
23 *Gates*, 99 F.3d 911-18 (9th Cir. 1986). (P.'s Obj. to R&R at 5:7–10.) The Court construes
24 this as arguing the R&R failed to recognize the possibility these Defendants might be
25 vicariously liable for denying him access to courts. The R&R recognized this possibility,
26 however, and addressed it. (R&R at 10:5–11:13.) If Plaintiff believed he had adequately
27 shown a basis for vicarious liability, he has not cited nothing from his amended complaint
28 to support his contention.

1  Second, in the same sentence Plaintiff argues granting Defendants' request for
2 judicial notice would violate Fed. R. Evid. 201(b).  Defendants offered Exhibit 3 for the sole
3 purpose of showing Plaintiff was represented by counsel in the case to which the docket
4 relates.  (R&R at 20:18–20.)  Plaintiff admits he was represented by counsel in this case.
5 (P.'s Obj. to R&R at 4:15–19.)  Even if the R&R were incorrect in its recommendation that
6 the Court take notice of this public record of a judicial proceeding, Plaintiff's objection would
7 be moot.  Both objections are therefore **OVERRULED**.

8 **III.    Opportunity to Amend**

9  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se*
10 litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior
11 to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also*
12 *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000) (en banc).

13  Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, the Court conducted a screening
14 of Plaintiff's original complaint.  In its order issued November 15, 2006 (the "Screening
15 Order"), the Court informed Plaintiff of the deficiencies in his complaint, which it then
16 dismissed without prejudice, and with leave to amend.

17  The Screening Order gave Plaintiff specific notice of the requirements for pleading
18 a claim for denial of access to courts, and explained the deficiencies in Plaintiff's complaint.
19 (Screening Order at 4:20–5:26.)  The Screening Order also advised Plaintiff his due process
20 claim was inadequate because he had failed to plead facts showing he had a liberty interest
21 in remaining free from administrative segregation.  (*Id.* at 6:2–7:10.)  The R&R found the
22 amended complaint again failed to plead such facts, a finding to which Plaintiff did not
23 object.  (R&R at 16:7–27.)  The Screening Order informed Plaintiff he had failed to allege
24 Defendants' involvement in denial of medical care, and notified him of the standards for
25 pleading facts to show both direct liability and supervisory liability.  (Screening Order at
26 7:12–8:28.)  The R&R also found that, except for Defendants Orduno and Correa, Plaintiff
27 had failed to plead facts showing Defendants' involvement in depriving him of adequate
28 medical care or being deliberately indifferent to his serious medical needs.  (R&R at

10:14–11:13.) Plaintiff has not objected to this finding.

Because Plaintiff has been informed of the deficiencies in his complaint, has been given an opportunity to cure them, and (except with respect to claims against Defendants Orduno and Correa) has failed to do so, Plaintiff will not be given leave to amend his complaint further.

### III.   Conclusion and Order

For these reasons, the Court **ADOPTS** the R&R as modified, and **ORDERS** as follows:

Plaintiff's motion to quash Defendants' motion to dismiss is **DENIED** and is construed as an opposition to the motion to dismiss.

Because the amended complaint fails to state a claim against Defendants Levin, Bach, Ochoa, Madden, Janda, Scribner, and Kellerman, Defendants' motion to dismiss is **GRANTED**, and claims against these Defendants are **DISMISSED WITH PREJUDICE**.

Because the amended complaint fails to state a claim for denial of Plaintiff's rights to due process of law and access to courts, these claims are **DENIED WITH PREJUDICE**.

Defendants' request for judicial notice is **GRANTED** as to Exhibit 3 but **DENIED** as to Exhibits 1 and 2.

Plaintiff's request for judicial notice is **GRANTED** as to Exhibits 2, 3, 4, 7, 8, 9, 10, and 11 but **DENIED** as to all other exhibits.

**IT IS SO ORDERED**.

DATED: March 17, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge